UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 22-48804

DONALD HAROLD JANISCH, II,                      Chapter 7

            Debtor.                             Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE AMOUNT OF ATTORNEY FEES THE DEBTOR MUST
PAY BASED ON THE COURT'S AUGUST 30, 2023 CONTEMPT ORDER**

        This case came before the Court on August 30, 2023, for a telephonic hearing on the
Chapter 7 Trustee's second contempt motion against the Debtor, entitled "Second Motion for
Contempt of Court" (Docket # 66, the "Motion"). Counsel for the Debtor, the Debtor, and
counsel for the Chapter 7 Trustee appeared at the hearing. Confirming action taken by the Court
during the hearing, and for the reasons stated on the record by the Court during the hearing, the
Court entered an amended Order on August 30, 2023 (Docket # 79, the "August 30 Order"),
finding the Debtor in civil contempt, for failure to fully comply, on a timely basis, with the
Court's Order entered on June 7, 2023 (Docket # 62, the "June 7 Order"). The August 30 Order
stated, among other things, that "[t]he Debtor must pay the reasonable attorney fees incurred by
the Chapter 7 Trustee in filing and prosecuting the Motion, and in preparing and filing the
affidavit filed on July 11, 2023 (Docket # 67). The amount of such reasonable attorney fees will
be determined in a future order, and will be determined by the following procedure: . . . ."
(August 30 Order at ¶ 6) (footnote omitted).

        Following the procedure spelled out in the August 30 Order, the Trustee filed his
itemization of fees, on August 30, 2023 (Docket # 77, the "Itemization"). The Debtor had until
September 22, 2023 to "file any objections or response to the Chapter 7 Trustee's [I]temization."
(August 30 Order at ¶ 6(b)). The Debtor timely filed a response on September 22, 2023 (Docket
# 81, the "Response").

        The Court has reviewed the Trustee's Itemization, and the Debtor's Response, and the
Court finds and concludes as follows:

A. The fee amount reflected in and supported by the Itemization, to the extent of $2,877,00, is
the amount of the reasonable attorney fees incurred by the Chapter 7 Trustee in filing and
prosecuting the Motion, and in preparing and filing the affidavit on July 11, 2023 (Docket # 67).
This amount is based on the specific time entries, and the resulting total amount of fees, reflected
in the Itemization that are not disallowed by the provisions of this Opinion, below (the "allowed
entries"). For all of the allowed entries, the Court finds the work performed, the number of
hours, and the hourly rates reflected in the Itemization all to be reasonable.

B. The objections and arguments in the Debtor's Response are sustained in part, and overruled in
part. They are overruled to the extent not specifically sustained in this Opinion, below, and to
that extent the Court finds the objections and arguments to be unpersuasive and without merit.

C.  In his Response at ¶ 4, the Debtor lists six specific time entries in the Itemization.  The Debtor concedes that these time entries "appear to be related to the filing and [p]rosecuting the Motion and for [p]reparing and [f]iling the July 11, 2023 affidavit. . . ."  But, the Debtor states, "it does appear that some of the entries . . . are excessive and one is duplicative[.]" (Response at ¶ 4).  And the Debtor argues, as to these time entries, that "the review of these items by counsel at the hourly rate of $360.00 is not reasonable as these duties could be performed by others or by paralegals at a lesser hourly rate." (*Id.* at ¶ 5).

D.  With two exceptions, discussed below, the Court disagrees with all of the foregoing objections by the Debtor about these six time entries.  The Court does not find there to be any duplication in any of these time entries, except as noted in ¶ F below, and the Court finds that none of the time entries reflects an excessive amount of time or fees, except as to the one time entry discussed in ¶ E below.  Further, the Court finds that under the circumstances, it was appropriate and necessary for the Trustee's counsel, Ms. Goll, personally to review the referenced items, rather than delegate such review to another attorney or paralegal at a lower hourly rate.

E.  The first of the two exceptions referenced in paragraph D above is the time entry of August 30, 2023, of 1.20 hours for the Trustee's counsel ("SNG") to "[a]ttend hearing on second motion for contempt."  The time amount of 1.20 hours for this is slightly excessive.  The docket entry at Docket # 80 shows that this hearing began at 10:05:23 a.m. on August 30, and lasted 47:44 minutes.  The hearing was noticed for 10:00 a.m. that day, and the hearing notice required counsel to dial in for the hearing "at least 5 minutes before the scheduled time for hearing."  (*See* Notice at Docket # 71 and the docket entry at Docket # 71).  Counsel therefore was required to be on the phone waiting for the hearing to start by no later than 9:55 a.m.  The total time from that time until the hearing ended, at approximately 10:53 a.m., was approximately 58 minutes.  So the correct and reasonable amount of time for attending the hearing on August 30 was 1.0 hours, not 1.2 hours.  So the Court will disallow .20 of this 1.20 hour time entry, and instead allow 1.0 hour.  This reduces the fee for this time entry by $72.00, to $360.00.

F.  The second of the two exceptions referenced in paragraph D above is the second time entry of August 22, 2023 of .30 hours for the Trustee ("MAS"), who also is an attorney for the Trustee in this case, with the time reference of 463971.  This is disallowed, because it does appear to be duplication of the other time entry of .30 hours for "MAS" for the same day, time reference 463751.  So the Court will disallow this .30 hour time entry, and this reduces the fees by $141.00.

G.  Another objection by the Debtor is to all of the time entries in the Itemization other than the six time entries listed in ¶ 4 of the Debtor's Response.  As to those time entries (the "Other Entries") the Debtor argues that:

> The other entries referenced in the Declaration appear to be unrelated to the Motion[.]  The review of the documents sought by the Trustee is part of the Trustee's other duties which he would need to do as part of administering this case.

(Response at ¶ 6).  As to these Other Entries, the Debtor also argues that they are merely an apparent "attempt to sanction the debtor for not complying with requested discovery."  (*Id.* at ¶ 3).

H.  The Court sustains the Debtor's objections described in ¶ G of this Opinion in part, and overrules them in part.

I.  First, the Court finds that the following time entries are indeed part of the "reasonable attorney fees incurred by the Chapter 7 Trustee in filing and prosecuting the Motion," and so are compensable under the August 30 Opinion:

8/7/2023, time reference 462592, SNG, .10 hours, $36.00
8/22/2023, time reference 463712, SNG, .20 hours, $72.00
8/22/2023, time reference 463708, SNG, 3.40 hours, $1,224.00
8/29/2023, time reference 464284, SNG, .30 hours, $108.00
8/30/23, time reference 464278, SNG, .60 hours, $216.00

J.  Second, the Court finds that the two time entries of SNG of August 29, 2023, reference nos. 464268 and 464281, totaling .20 hours, are not compensable under the August 30 Order.  These reflect apparent communications by Trustee's counsel with the United States Trustee's office.

K.  Third, the Court will disallow fees for all of the Other Entries that are not discussed in ¶¶ I and J above.  As for those time entries, they all reflect work that obviously had at least two purposes: first, as part of the work by the Trustee's counsel in prosecuting the Motion; and second, as part of the work by the Trustee's counsel in reviewing documents produced by the Debtor in this bankruptcy case that would be required even in the absence of the Motion, as part of the Trustee's general duties in administering the bankruptcy estate in this case.  Because the worked served this dual purpose, the Court will exercise its discretion to disallow fees for this work from the fees that the Debtor will be required to pay as a contempt sanction.  (Of course, this does not mean that fees for this work will not be allowed as part of a future fee application that the Trustee's counsel may file in this bankruptcy case.)

L.  The result of the foregoing is that the Court will not allow the full $8,670.00 in fees sought by the Trustee.  Rather, the Court will allow $2,877.00 of such fees.  This breaks down as follows:

1. Fees for the six time entries discussed in ¶¶ C through F of this Opinion, to the following extent: $1,221.00; and

2. Fees for the allowed time entries discussed in ¶ I of this Opinion: $1,656.00.

M.  Therefore, consistent with the August 30 Order, the Court determines that the Debtor should be required to pay to the Trustee $2,877,00, as an appropriate monetary remedy for the Debtor's civil contempt.

The Court will prepare and enter a separate order consistent with this Opinion.

**Signed on October 19, 2023**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**